**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**THELMA S. ROGERS-GEARY**                                                          **PLAINTIFF**

**VS.**                                    **CASE NO. 3:15CV00241 PSH**

**CAROLYN W. COLVIN, Acting Commissioner,
    Social Security Administration**                                               **DEFENDANT**

**ORDER**

Plaintiff Thelma S. Rogers-Geary ("Geary"), in her appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Colvin") to deny her claim for Disability Insurance benefits (DIB) and supplemental security income (SSI), contends the Administrative Law Judge ("ALJ") erred by: (1) not finding her mental impairments to be severe; and (2) finding she could perform light work. The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on April 7, 2014. (Tr. 29-46). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support Colvin's decision. 42 U.S.C. § 405(g).

*Administrative hearing:* At the outset of the administrative hearing, the ALJ asked Geary's attorney to outline the severe impairments which would be discussed at the hearing. The attorney cited arthritis in Geary's back and feet, along with breathing problems. (Tr. 30). Geary then testified she was 53 years old, with a high school education and some college hours. She stated she was 5'5", weighed 140. She drove a vehicle only when "I absolutely have to." (Tr. 32). Geary

indicated she stopped working in August 2012 due to severe pain. She stated she was unable to take pain medications because she was allergic to them. Geary mentioned having been in motor vehicle accidents, and also indicated she had not had any surgery for her back. Geary was taking high blood pressure medication, hormones, and Zoloft. She reported no side effects except one instance when the drug manufacturer changed.

Regarding daily activities and capabilities, Geary said she tended to personal hygiene, using a shower chair for assistance. According to her, she did light cooking, could not vacuum or sweep, and could tend to her financial affairs and monitor her medications. She indicated she did no activities away from her home, and spent her daily time alternating between sitting and standing. She estimated she could be on her feet, at the most, for ten minutes, had trouble lifting a milk jug, and could sit in only one chair in her house. Sitting in "regular furniture" resulted in her getting stuck, requiring someone to lift her out of the chair. (Tr. 40-41).

Asked by her attorney if anything else prevents her from working, Geary replied, "Well, I forget a lot of things. If I can make a list and I can follow that list undisturbed I'm pretty okay. But if I get disturbed and I miss, you know, get mixed up on something, something going to get left out. And I get a little frustrated when things change and I get more forgetful. . . Now I don't know so much if that was because of the brain injuries I've had or this combination of not a whole lot of sleep on top of it." (Tr. 41-42).

Prior to questioning the vocational expert, the following colloquy occurred between the ALJ and Geary's attorney:

> ALJ: Mr. Sherman, you did not, when we were talking earlier I don't think you made any allegation of mental disability, if I'm remembering correctly, is that,

is that accurate?

ATTY [Mr. Sherman]: The only mention of it was in Ms. Gerry's testimony about the memory or forgetfulness but I did not, I did not say that.

(Tr. 43).

*Medical records during the relevant period:* On August 27, 2012, Geary was seen by her treating physician, Dr. Henry Allen ("Allen"), who diagnosed her with hip and back pain. Allen prescribed gabapentin and meloxicam. She was seen by a chiropractor the next day, who completed the fourth treatment during that month for pain in her neck, back, and hips. In January of 2013, Geary returned to Allen for problems with her breasts and prescription refills. In March, Allen saw Geary for heart flutters, and prescribed Cardizem. In April, an echocardiogram was negative and a mammogram showed no evidence of malignancy. The echocardiogram was described as "a two-dimensional exercise stress cardiogram." (Tr. 407). Geary exercised for 7:01 minutes before the test was discontinued due to shortness of breath. At peak, Geary's heart rate was 162, her blood pressure was 150/78, and she experienced no chest pain during the procedure. In May, Geary saw Allen, complaining of hair loss. Geary returned to the chiropractor in June 2013 for low back and left leg pain. In January 2014, she complained of joint pain when she returned to Allen.

In addition to the above-described visits to Allen and the chiropractor, Dr. Samuel Hester ("Hester") performed a consultative mental diagnostic evaluation in November 2012. In her history given to Hester, Geary mentioned motor vehicle accidents with head trauma and broken bones. These occurred over twenty-five years ago, according to Geary. Geary reported her primary complaints were physical, and a low dose of Zoloft had been "very helpful" in dealing with generalized anxiety that had caused increased acid flow and gastric distress. (Tr. 385). Hester

3

diagnosed Geary with pain disorder and anxiety disorder, rating her global assessment of function ("GAF") at 53, with the highest GAF in the past year at 56. Hester opined Geary was able to tend to her basic self care needs, to communicate and interact in a socially adequate manner, to communicate in an intelligible and effective manner, and was likely able to cope with "the typical mental demands of basic school or work-like tasks." (Tr. 391). Hester concluded Geary appeared capable of attending and sustaining concentration on basic tasks, with the ability to sustain persistence to complete the tasks, and appeared capable of completing tasks "within an acceptable timeframe as long as the tasks do not exacerbate her pain issues." (Tr. 392).

**Claim #1: Error in failing to find mental impairments to be severe:** The ALJ considered Geary's mental impairments, concluding her anxiety disorder and depression did not "cause more than minimal limitation" in her ability to perform basic mental work activities. (Tr. 15). The ALJ evaluated Geary's mental limitations in four broad functional areas, finding she had mild limitations in activities of daily living, social functioning, and concentration, persistence, and pace, and no episodes of decompensation. The ALJ, in detail, discussed the findings of Hester, assigning "great weight" to those opinions. The ALJ specifically noted Geary's lack of mental health treatment and her improvement with medication. Finally, the ALJ discussed a consultative examination performed in 2006. This report warranted little weight, according to the ALJ, because it was performed years before Geary's alleged onset date and at a time when she was gainfully employed. The ALJ's consideration of Geary's mental impairments was well reasoned, and is clearly supported by substantial evidence. There is no merit to this claim.

**Claim #2: Error in finding she could perform light work:** Geary contends the ALJ erred in finding she had the residual functional capacity ("RFC") to perform light work. We are mindful

4

that the RFC need not mirror the findings of any one physician, as the ALJ is not bound to choose any one physician and adopt his/her findings as the appropriate RFC. Instead, it "is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).

Here, the foundation of the ALJ's RFC determination is his credibility evaluation. Citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), the ALJ examined the objective medical evidence[1] and concluded it, along with other pertinent factors, warranted a finding of lower credibility. Specifically, the ALJ noted that Geary's claim of allergies to prescription pain medications was uncorroborated by the medical records, and that her infrequent treatment was conservative in nature. Substantial evidence supports the ALJ's credibility analysis. We find the RFC analysis is also supported by substantial evidence.

Finally, Geary argues the ALJ erred in assigning "great weight" to the opinions of the state agency physicians that she could perform light work. There was no error in this regard. The ALJ correctly notes that the opinions offered by the state agency physicians are not at odds with the other evidence of record. To the contrary, the ALJ found these opinions to be "supported by the objective medical findings" and "consistent with the substantial evidence of record." (Tr. 18). Thus, this is not an example of the ALJ relying on the state agency physicians when their opinions diverge from

---

[1] Geary concedes the objective medical evidence is "sparse" but argues this is possibly because there are psychological factors at play which "may well explain why there is relatively little medical evidence supporting her complaints," and because there is a history of fibromyalgia. Docket entry no. 11, page 21. We do not embrace this explanation for the absence of medical evidence during the relevant time period. Geary's allegations of extremely limited physical ability is also at odds with her performance on the stress test performed in April 2013.

the findings of treating and consulting medical care providers.  Instead, in this case the medical providers, including the state agency physicians, are in agreement.

In summary, we find the ultimate decision of Colvin was supported by substantial evidence. We are mindful that the Court's task is not to review the record and arrive at an independent decision, nor is it to reverse if we find some evidence to support a different conclusion.  The test is whether substantial evidence supports the ALJ's decision.  *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012).  This test is satisfied in this case.

IT IS THEREFORE ORDERED that the final decision of Colvin is affirmed and Geary's complaint is dismissed with prejudice.

IT IS SO ORDERED this 14th day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE